**Pattie Lucinda HILLIARD, Bankrupt-Appellant,**

v.

**Eugene T. HOLLINS, Trustee-Appellee.**

**No. 14316.**

United States Court of Appeals
Sixth Circuit.
May 10, 1961.

264

Robert C. Boyce, Jr., Nashville, Tenn., Thomas P. Gore, Nashville, Tenn., on brief, for appellant.

James I. Vance Berry, Nashville, Tenn., Claude Callicott, Nashville, Tenn., on brief, for appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

O'SULLIVAN, Circuit Judge.

On September 4, 1957, bankrupt-appellant, Pattie Lucinda Hilliard, filed a voluntary petition in bankruptcy in the United States District Court for the Middle District of Tennessee, Nashville Division. Her petition and attached schedules listed net assets of $2,510.00,

secured indebtedness of $44,130.28, and unsecured indebtedness of $72,986.89. Amendments to the schedules added to her secured indebtedness $652.16 and to her unsecured indebtedness, $24,064.93.

On March 26, 1960, the Referee in Bankruptcy denied appellant a discharge in bankruptcy. This denial was based upon the Referee's finding that bankrupt-appellant had, in violation of Section 14, sub. c(2) (Title 11 U.S.C.A. § 32) "failed to keep or preserve books of account or records, from which [her] financial condition and business transactions might be ascertained," and had, in violation of Section 14, sub. c(7) "failed to explain satisfactorily any losses of assets or deficiency of assets to meet [her] liabilities." The Referee made Findings of Fact and Conclusions of Law in support of his Order Denying Discharge. Upon review, the district judge affirmed the Referee's order and confirmed and adopted the Referee's Findings of Fact and Conclusions of Law. Final judgment denying discharge was entered on June 21, 1960. This appeal followed.

■ Bankrupt-appellant was an attorney, her practice as such having consisted largely of handling bankruptcy matters, estate matters, tax advice and counselling, and real estate matters. During one period of time she was an employee of the United States Internal Revenue Department. The report of an auditor employed by the bankruptcy court disclosed that in the twelve months preceding the filing of her petition, appellant had received total funds of $120,-055.82, the principal items of which were borrowings in the amount of $80,753.21, the sale of timber rights for $22,500.00 and receipts from her law practice in the sum of $10,497.33. Her disbursements totalled $119,129.42, made up largely of payments on loans in an amount slightly less than $100,000.00. The evidence disclosed that notwithstanding the amazingly large sum of money borrowed during the year prior to bankruptcy, the bankrupt had kept no records of these indicating the dates of the several loans, the name of the lenders, the interest rates

charged, or the dates of maturity. No books or records were maintained by the bankrupt disclosing the amounts and times of repayments made on such loans. The auditor reporting on the loans had to verify them from verbal statements of bankrupt, the bankruptcy schedules, claims filed, checking with the lenders, and verification of repayments through banks which had issued cashier's checks purchased by bankrupt. No record had been kept in bankrupt's files of her sale of timber for $22,500.00, and after April of 1957, bankrupt maintained no record of collections from her law practice. From the evidence, it appeared that at the opening date of the auditor's examination, September 4, 1956, bankrupt was probably indebteded in an approximate amount of $100,000.00, having created such indebtedness by large borrowings in past years. The bankrupt was unable to produce books or records which would give satisfactory evidence of the transactions which were the background to her unfortunate and spectacular insolvency which existed at the beginning of the period of the auditor's examination. Her explanation of her ultimate financial debacle was that she had, for many years, lived beyond her income, such experience being brought about, in part, by the burdens cast upon her in supporting her parents and helping her brothers. Although bankrupt produced a miscellany of bank deposit slips, check stubs, cancelled checks, and like material, we are unable to say that the Referee and the district judge were clearly wrong in finding that appellant had failed to explain satisfactorily what had been done with the large amounts of money that had come into her hands in the years preceding the filing of her petition.

From the showing made by the trustee in bankruptcy, we believe that there were "reasonable grounds for believing that the bankrupt has committed" the acts which the Referee found would prevent her discharge, and having done so, the burden of proving that she had not committed them was on the bankrupt

(Title 11 U.S.C.A. § 32, sub. c). The Referee found that she had failed to give a satisfactory explanation to meet this burden. Such finding justified his denial of discharge. Minella v. Phillips, 5 Cir., 1957, 245 F.2d 687, 689; Burchett v. Myers, 9 Cir., 1953, 202 F.2d 920, 926.

■ The determination of a Referee, affirmed by the district judge, that a bankrupt has violated the mentioned provisions of the Bankruptcy Act, if supported by Findings of Fact that are not clearly erroneous, is within the discretion of those officers, and will not be disturbed on appeal in the absence of an abuse of such discretion. In re Bendix, 7 Cir., 1942, 127 F.2d 759, certiorari denied 317 U.S. 668, 63 S.Ct. 73, 87 L.Ed. 537; Baily et al. v. Ballance, 4 Cir., 1941, 123 F.2d 352; Texas National Bank of Beaumont v. Edson, 5 Cir., 1939, 100 F.2d 789, 791; In re Marx, 7 Cir., 1942, 125 F.2d 335, 337. We find no such abuse here.

Supported by adequate and detailed findings of fact, the Referee concluded: "that the bankrupt failed to keep or preserve books of account or records from which her financial condition might be ascertained, and the court fails to find any justification for this failure," and "that the bankrupt has failed to explain adequately the loss of assets or deficiency of assets to meet her liabilities."

■■ Such findings of a Referee, affirmed by the district judge, will not be disturbed on appeal in the absence of a clear showing of mistake. Hudson v. Wylie, 9 Cir., 1957, 242 F.2d 435, 451; Porterfield v. Gerstel, 5 Cir., 1957, 249 F.2d 634, 636. That such is the rule in this circuit was forcibly confirmed by the language of Judge Martin in Cunningham v. Elco Distributors, 6 Cir., 1951, 189 F.2d 87, 88, 89, 25 A.L.R.2d 1008: "No principle has been more firmly established in this circuit than that concurrent findings of the Referee in bankruptcy and the district judge are not to be set aside, except upon clear demonstration of mistake."

266

We find neither clear mistake nor abuse of discretion in the action of the Referee and the district judge.

Judgment affirmed.