In the Matter of Paul RIVAS, dba Paul Rivas Galleries, aka Paul George Rivas, Bankrupt and Appellant,

v.

J. Thomas JEFFERSON et al., Appellees.

No. 22267.

United States Court of Appeals
Ninth Circuit.

June 24, 1969.

Alfred L. Swanger (argued), Beverly Hills, Cal., for appellant.

Ronald E. Gordon (argued), of Buchalter, Nemer, Fields & Savitch, Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges and KILKENNY, District Judge*.

KILKENNY, District Judge:

■ This is an appeal from a District Court order affirming the judgment of a Referee in Bankruptcy refusing to grant appellant a discharge, on the ground that he had deliberately failed to keep, preserve, or produce books of account or records from which his financial condition and business transactions might be ascertained. Appellant operated an art gallery, wherein paintings and other works of art were consigned to and sold by him. He claims there was no substantial evidence to support certain essential findings of the Referee. General Order No. 47 of the General Orders in Bankruptcy required the District Court to accept the Referee's findings unless clearly erroneous. Likewise, we are required to accept those findings unless clearly erroneous. United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

■ Appellant urges that the facts are undisputed and, therefore, this Court should review the entire record anew or *de novo*. While under certain circumstances, the appellate court may take this position, it should not do so where the basic and undisputed facts are fairly susceptible of diverse inferences requiring different conclusions. In such a case, the determination made by the trier of the facts is conclusive unless the finding is clearly erroneous. Hoppe v. Rittenhouse, 279 F.2d 3, 9 (9th Cir. 1960). We must keep in mind that the appellant was before the Referee on at least four different occasions attempting to give an explanation of why he didn't keep better books or records and on the issue of what happened to the books and records which he had kept, some of which, evidently, disappeared after the adjudication in bankruptcy and between the hearings. We are not here dealing with conclusions of law, such as discussed in In re Haithcock, 165 F.Supp. 182 (M.D. N.C.1958).

■ Moreover, the concurrent findings of the Referee and the District Court are not to be set aside except upon a clear demonstration of a mistake. Hilliard v. Hollins, 290 F.2d 263, 265 (6th Cir. 1961).

■ In the last analysis, even if we try the case *de novo* there is substantial evidence in the record to support the order of the Referee denying the bankrupt's discharge. His own witnesses testified that on a consignment of paintings an art dealer must keep records. Otherwise, he is confusing his own funds with those of his consignors. Books should be kept so as to show what particular painting was sold, to whom sold and the name of the consignor. Otherwise, there would be no way for the consignor to know if, and when, his painting was sold or the terms and conditions of the sale. This information should be found in the sales receipts or sales invoices. Yet, only three invoices were produced for the en-

---

* The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

tire year 1965 when there were total sales of merchandise of over $15,000.00. Of the sales slips produced, only one could be identified. The two remaining unidentified slips totaled only $440.00 out of total receipts of $15,000.00. What records were produced did not disclose whether the deposits in the bank were from the business or from personal funds. Appellant's own testimony was so confusing and contradictory that the Referee had sound reason to doubt his credibility.

The record clearly supports the Referee's finding and that of the District Judge that the appellant failed to establish a justification for not keeping or preserving sufficient books of account or records from which his business transactions might be ascertained. On this issue, the objecting creditor need merely show that there are reasonable grounds to believe that the appellant committed the act and the burden of affirmatively disproving commission or of establishing justification then shifts to the appellant. Collier on Bankruptcy, Volume I, pages 1370–1371. Nix v. Sternberg, 38 F.2d 611, 612 (8th Cir. 1930). Whether justification exists is an issue of fact. This issue was resolved against appellant by the Referee and the District Judge.

International Shoe Co. v. Lewine, 68 F.2d 517 (5th Cir. 1934) and Baily v. Ballance, 123 F.2d 352 (4th Cir. 1941), on which appellant relies are cases where the issue of fact was resolved in favor of the appellant by the Referee. The creditor appellants wanted the respective Courts of Appeals to declare, as a matter of law, that the bankrupt had violated his trust and failed to comply with the General Order. Those cases have no application to the facts before us.

In Newman v. Burnham, 126 F.2d 336 (6th Cir. 1942), cited by appellant, the Referee, relying on "the demeanor of bankrupt on the witness stand, his attitude and willingness to answer questions without quibble, and the apparent frankness he displayed" granted the bankrupt a discharge. On review, the District Court reversed. The bankrupt appealed and the Court of Appeals reinstated the discharge on the ground that the District Judge failed to give sufficient weight to the findings of the Referee, who had observed the conduct and demeanor of the bankrupt on the witness stand. The Court emphasized that neither the District Judge, nor the Appellate Court, had an opportunity to observe the bankrupt and that the Referee, therefore, was in a superior position to rationalize on the facts before him. The Court then restated the well known rule that a District Judge should not disturb the findings of fact of a Referee unless there is most cogent evidence of mistake or a miscarriage of justice.

Here, the findings of the Referee and of the District Judge are not clearly erroneous, but, to the contrary, are supported by substantial evidence.

Affirmed.