COFFEY, Circuit Judge.
 

 The Bankruptcy Court for the Northern District of Illinois denied the Chapter 7 bankruptcy petition of Irene D’Agnese (the “debtor”) because the debtor had failed to adequately explain the loss of certain assets in her estate.
 
 See
 
 11 U.S.C. § 727(a)(5). The debtor appealed to the district court, and the court affirmed the bankruptcy judge’s findings. The debtor appeals the district court’s order. We affirm.
 

 I. BACKGROUND
 

 In November 1992, the debtor filed a bankruptcy petition in the Bankruptcy Court for the Northern District of Illinois. Bernadette D’Agnese (the “creditor”), who was the sister of the debtor’s ex-husband, had an unsecured claim of at least $70,000 against the debtor’s estate. The creditor filed a complaint in the bankruptcy court, objecting to the debtor’s discharge.
 
 See
 
 11 U.S.C. § 727(a)(5).
 
 [1]
 
 The creditor argued that the debtor’s petition to discharge her debts should be denied because the debtor failed to include in her bankruptcy estate a number of valuable assets that she owned.
 

 In February 1994, a trial was held in the bankruptcy court. Victor D’Agnese, the debtor’s ex-husband, testified for the plaintiff/creditor. The defendant/debtor testified on her own behalf. No other witnesses testified. The debtor’s ex-husband testified to the existence of many valuable assets that he and/or the debtor once owned but that he no longer had in his possession, including various pieces of jewelry, including two rings that each contained diamonds of greater than 1 carat, Waterford crystal decanters, and sterling silver serving pieces. The debtor does not dispute the creditor’s claim that the value of the items exceeded $300,000.
 
 [2]
 
 Likewise, the debtor does not dispute that she and/or her ex-husband once owned the goods about which he had testified. Moreover, she admits that these items were not included in her bankruptcy estate.
 
 [3]
 

 The debtor’s explanation for the omission of the assets in her bankruptcy estate is that she sold many of the items to a friend, Janice Dzioba. However, the debtor failed to provide any documentation, much less any detail nor specifics in support of this alleged disposition of these valuable goods. Victor D’Ag-nese, the debtor’s ex-husband, testified that he recalled that some, but not all, of the disputed items were transferred to Dzioba. However, the ex-husband stated that he had no knowledge as to whether the debtor received any consideration for the transfer and further did not know the whereabouts of the remainder of the items not transferred to Dzioba.
 

 With respect to the items that her ex-husband claimed were not sold to Dzioba, the
 
 *734
 
 debtor testified that
 
 she had no
 
 knowledge of their whereabouts, except for a diamond ring that she says she lost in Greece. She did testify, however, that between 1983 and 1991, prior to her divorce, she and her then-husband sold a number of items of jewelry. Although she did not recall selling any of the specific items in question, the debtor stated that some of these goods might have been disposed of in that manner during that period.
 

 In April
 
 1994, the
 
 bankruptcy court ruled in favor of the creditor, finding that the debtor had failed to adequately explain the disposition of substantial assets. Thus, the court denied the debtor’s discharge. The bankruptcy court relied upon the fact that the debtor testified that she did not know what happened to many of the assets. The court furthermore observed that the debtor failed to offer any documentation to support her claim that the assets were transferred to Dzioba.
 

 Pursuant to 28 U.S.C. § 158(a), the debtor appealed the bankruptcy court’s order to the district court. In January 1995, the district court entered an order affirming the bankruptcy court’s ruling. The district court adopted the bankruptcy court’s findings and rejected the debtor’s claim that the bankruptcy judge erred in not accepting her evidence as satisfactory to explain the disposition of the goods. In February 1995, the debtor filed a timely notice of appeal from the district court’s order, claiming that the court erred in affirming the bankruptcy court’s order. We have jurisdiction pursuant to 28 U.S.C. § 158(d).
 

 II. ANALYSIS
 

 Under 11 U.S.C. § 727(a)(5), a bankruptcy court has “broad power to decline to grant a discharge ... where the debtor does not adequately explain a shortage, loss, or disappearance of assets.”
 
 In Re Martin,
 
 698 F.2d 883, 886 (7th Cir.1983). In reviewing a bankruptcy court’s decision to deny discharge, neither an appellate court nor a district court will overturn the decision unless it is clearly erroneous. Fed. R.Banks. P. 8013;
 
 Martin,
 
 698 F.2d at 885. This standard applies both to subsidiary fact questions, such as whose version of events is correct, as well as to the ultimate question of whether the debtor has satisfactorily explained the loss of assets.
 
 In Re Volpert,
 
 175 B.R. 247, 264 (Bankr.N.D.Ill.1994). Further, “questions of credibility are solely for the trier of fact ... who has the best opportunity to observe the verbal and nonverbal behavior of the witnesses focusing on the subject’s reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements as well as confused or nervous speech patterns in contrast with merely looking at the cold pages of an appellate record.”
 
 United States v. Hatchett,
 
 31 F.3d 1411, 1417 (7th Cir.1994) (quotation omitted).
 

 In the present case, the bankruptcy court determined that the debtor’s explanation of the loss of assets was inadequate, both because she testified that she did not know what happened to many of the more valuable assets, and because she had no documentary evidence to support her claim that a number of the assets were transferred to Dzioba. The debtor argues that this finding was clearly erroneous because she did proffer an explanation.
 

 Title 11 U.S.C. § 727(a)(5) requires a
 
 satisfactory
 
 explanation for the whereabouts of a debtor’s assets. Although the bankruptcy court did not specifically conclude that the debtor was lying, it found her statements “vague and uncorroborated” and therefore not adequate to explain the depletion in assets. The debtor’s argument in this appeal depends upon her setting up a false dichotomy between explanations that are not credible and those that are satisfactory. The debtor’s explanation, while not necessarily a
 
 lie,
 
 was, nevertheless, not satisfactory. Under § 727(a)(5), a satisfactory explanation “must consist of more than ... vague, indefinite, and uncorroborated” assertions by the debtor.
 
 Baum v. Earl Millikin, Inc.,
 
 359 F.2d 811, 814 (7th Cir.1966);
 
 see also In Re Bryson,
 
 187 B.R. 939, 955 (Bankr.N.D.Ill.1995). The debtor gave a vague and indefinite statement about the missing assets and she finally stated that she did not know what happened to some of the assets. Further, although the debtor claims that some items
 
 *735
 
 were transferred to Dzioba, the debtor fails to provide any testimony from Dzioba or documentary evidence to support the claim, even though the assets in question were of substantial monetary value. Thus, because the debtor failed to specify the whereabouts of the assets or provide any convincing evidence that the assets had been transferred to Dzioba, the bankruptcy court did not commit clear error in finding that the debtor’s explanation was inadequate as a matter of law.
 

 The debtor also asserts that the bankruptcy court’s decision was based upon its view of the wisdom of the debtor’s disposal of assets, not upon its belief as to whether she had adequately explained what she had done with the missing items.
 
 See, e.g., In Re Bernstein,
 
 78 B.R. 619 (S.D.Fla.1987) (quoting COWENS, BANKRUPTCY LAW AND PRACTICE, § 5.43 (1986)) (“It should be stressed that satisfactory is somewhat of an objective rather than subjective test in the sense that the court [must] be convinced of the truth of the debtor’s explanation of what happened to his assets and not the wisdom of the expenditures or dispositions.”). In making this argument the debtor mischaracterizes the bankruptcy court’s order. The court did not take issue with the wisdom of the debtor’s disposition; its concern was with the debtor’s lack of detail, documentation or proof of disposal of the missing assets. We are of the opinion that the bankruptcy court did not commit clear error in denying discharge based upon the debtor’s failure to specifically provide an explanation from which the court could determine how she disposed of the assets.
 
 See In Re Martin,
 
 145 B.R. 933, 950 (Bankr.N.D.Ill.1992) (“[T]he explanation must be good enough to eliminate the need for the Court to speculate as to what happened to all the assets.”).
 

 It is trae that the bankruptcy court was somewhat surprised (and so are we) that the debtor, whose own testimony established that she was in dire financial straits, had not even kept track of what had happened to valuable possessions. It is clear, however, that the bankruptcy court’s decision was not based upon a judgment regarding the wisdom of the debtor’s disposition of assets, but rather rested on the fact that the debtor had not satisfactorily supported her explanation of what happened to these items. Because the debtor failed to provide any documentation or adequate explanation for the missing assets, we hold that the bankruptcy court did not commit clear error in denying her petition for bankruptcy.
 

 Affirmed.
 

 [1]
 

 . “The court shall grant the debtor a discharge, unless ... the debtor has failed to explain satisfactorily, before termination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.”
 

 [2]
 

 . It is not clear from the record
 
 exactly
 
 how many items are in question. However, there is no disagreement between the parties that items "of material and substantial value” were omitted from the debtor's bankruptcy estate. At issue in this case is the debtor's explanation for the omission.
 

 [3]
 

 .The inventory of the bankruptcy estate has not been included in the record on appeal. However, in that there is no disagreement between the parties regarding the items that were omitted, we are able to reach the merits without this material.