In re Thomas STRBAC, Debtor.

Turoczy Bonding Company, Plaintiff–Appellee,

v.

Thomas Strbac, Defendant–Appellant.

BAP No. 98–8092.

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted March 30, 1999.

Decided July 20, 1999.

Thomas C. Pavlik, Rubenstein, Novak, Einbund & Pavlik, Cleveland, Ohio, for Appellant.

David G. Finley, Dunn & Finley, Cleveland, Ohio, for Appellee.

Before RHODES, STOSBERG, and WALDRON, Bankruptcy Appellate Panel Judges.

## OPINION

The bankruptcy court granted summary judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) for failing to maintain adequate records. The Panel **AFFIRMS** the judgment.

## I. ISSUE ON APPEAL

The issue on appeal is whether Turoczy Bonding was entitled to summary judgment on its adversary complaint seeking a denial of the Debtor's discharge under 11 U.S.C. § 727(a)(3).

## II. JURISDICTION AND STANDARD OF REVIEW

■ The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. 28 U.S.C. § 158(b)(1) and (c). The United States District Court for the Northern District of Ohio has authorized appeals to the BAP. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). "A bankruptcy court's order granting summary judgment to the [Plaintiff] is a final appealable order reviewed de novo." *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 197 (6th Cir. BAP 1998). "Under the de novo standard, the Panel will resolve issues of law independently of the bankruptcy court's determinations." *Id.*

## III. FACTS

In November, 1995, the Debtor obtained a bond from Turoczy Bonding to secure the release of his son from custody. The Debtor agreed to indemnify Turoczy Bonding for any losses incurred in connection with the bond. The Debtor's son did not appear in court as required and the bond was forfeited. As a result of the forfeiture, on August 19, 1997, Turoczy Bonding obtained a judgment against the Debtor for $100,000 plus interest.

On December 15, 1997, the Debtor filed a chapter 7 bankruptcy petition. Turoczy Bonding filed an adversary proceeding seeking denial of the Debtor's discharge under 11 U.S.C. § 727 and, later, a motion for summary judgment. The bankruptcy court granted the motion and denied the Debtor's discharge under § 727(a)(3).

## IV. DISCUSSION

■ Turoczy Bonding claims that the Debtor should be denied a discharge under § 727(a)(3), which provides:

(a) The court shall grant the debtor a discharge, unless—

. . . .

(3) The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3).

■ Section 727(a)(3) requires the debtor to provide creditors "with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *In re Martin*, 141 B.R. 986, 995 (Bankr.N.D.Ill.1992). "The adequacy of debtor's records must be determined on a case by case basis. Considerations to make this determination include debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should be considered in the interest of justice." *United States v. Trogdon (In re Trogdon)*, 111 B.R. 655, 658 (Bankr.N.D.Ohio 1990).

■ "The party seeking denial of a discharge has the burden of proving the inadequacy of the debtor's records." *Wazeter v. Michigan Nat'l Bank (In re Wazeter)*, 209 B.R. 222, 227 (W.D.Mich.1997) (ci-

tations omitted). *See also* FED. R. BANKR.P. 4005; *Barclays/Am. Business Credit Inc. v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir.1994), *cert. denied*, 513 U.S. 1111, 115 S.Ct. 903, 130 L.Ed.2d 786 (1995). However, "[o]nce a debtor's records are determined to be inadequate, the burden is on the debtor to establish any justification therefor." *Trogdon*, 111 B.R. at 658 (citations omitted). *See also Meridian Bank v. Alten*, 958 F.2d 1226 (3rd Cir.1992).

Bankruptcy Rule 7056, which incorporates Rule 56 of the Federal Rules of Civil Procedure, governs summary judgment in an adversary proceeding. FED. R. BANKR.P. 7056.

The Sixth Circuit has succinctly described the proceedings on a motion for summary judgment as follows:

> A court must grant summary judgment 'if the pleadings, depositions, answers to interrogatories and admissions of file, together with the affidavits if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law.' Under this test, the moving party may discharge its burden by 'pointing out to the [bankruptcy] court... that there is an absence of evidence to support the nonmoving party's case.' The nonmoving party cannot rest on its pleadings, but must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial. Although we must draw all inferences in favor of the nonmoving party, it must present significant and probative evidence in support of its complaint. 'The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party].'

*Gibson*, 219 B.R. at 198 (quoting *Hall v. Tollett*, 128 F.3d 418, 421–22 (6th Cir.1997)

(internal citations omitted)) (alterations in *Gibson*).

In moving for summary judgment, Turoczy Bonding bore the initial burden of establishing that there were no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Turoczy Bonding moved for summary judgment on its complaint for denial of Strbac's discharge on several grounds, including § 727(a)(3), failure to keep adequate records. As the moving party, Turoczy Bonding was required to prove that no genuine issues of material fact existed regarding the type of records Strbac kept and that those records, as a matter of law, were inadequate.

To meet its burden in connection with its motion for summary judgment, Turoczy Bonding submitted the Debtor's deposition, the parties' stipulations and their joint exhibits. The parties stipulated that the Debtor was liable on the bond. Regarding E.T. Machine Company, the parties stipulated that the Debtor operated it as an unincorporated business, that he was a signor on its commercial checking account, and that he had possession of its checkbook. Regarding E.T.T. Company, the parties stipulated that the Debtor also operated it an unincorporated business, that he was a signor on its checking account, and that he wrote checks to himself and others on the account. Finally, the parties stipulated that the Debtor kept no records of his subcontracting work or of the money that he received directly or indirectly from E.T. Machine Company or E.T.T. Company.

In response to the motion for summary judgment, the Debtor filed an affidavit, which stated in its entirety:

> 1. I have no ownership interest nor have I ever had any ownership interest in E.T. Machine Co., E.T.T. Company or Galaxy Machine Co.
>
> 2. I have never transferred or concealed any assets at any time either before or after the within bankruptcy.

3. My only source of income for the year prior to the bankruptcy was miscellaneous work as an independent contractor in programming C & C Machines for various companies. I do not believe that I ever made more than $1,000.00 in any month.

4. I did not file tax returns as my accountant indicated that I did not make sufficient monies to qualify.

(Strbac Affidavit, Appellee's App. at tab 7.)

When the debtor was asked at his deposition how he and his accountant had determined that he was not required to file a tax return, the Debtor stated that he had estimated whether he had earned enough income to trigger the filing requirement, based on numbers "in his head," and that he kept no other records.

Based on this record, the bankruptcy court properly held that there were no genuine issue of fact regarding the inadequacy of the Debtor's records. The court stated:

> The parties agree that Debtor does not have records reflecting his financial actions pre-petition. He has no records of his wages or his expenses, no income tax returns, and no document to show what his "in kind" exchanges were or how they were handled. Debtor does not make any statements in his Affidavit in opposition to summary judgment that any records exist and does not make any argument in his brief in opposition on this point. There is not one piece of paper offered by Debtor relating to his financial activities. If there were ever a situation where a creditor established a prima facie case of inadequate records, this is it.

*Turoczy Bonding Co. v. Strbac (In re Strbac)*, Case No. 97–18680, Adv. No. 98–1100, slip op. at 7 (Bankr.N.D.Ohio Nov. 20, 1998).

The Debtor argues that the bankruptcy court erred in stating that "there is not one piece of paper offered by Debtor relating to his financial activities." The Debtor further argues that the records that he provided do allow creditors to "ascertain and track his financial dealings." The Debtor asserts that he provided an earning summary for 1967–1996 provided by Social Security; an earnings statement for August 23, 1998, to August 29, 1998, provided by Galaxy Machine Inc.; and an invoice printout and various checks. He asserts that these records relate to "most of the income earned by him in the proceeding (sic) several years." Further, the Debtor asserts that he worked for three major accounts, all of which provided records, and that the subcontract work for which he has no records was minimal.

Nevertheless, these records are not sufficient to ascertain the Debtor's financial affairs. The records are incomplete and raise more questions than they answer. For example, although the debtor produced several copies of checks, he did not produce copies of the checkbook registers of E.T. Machine Company or E.T.T. Company, both of which he stipulated he had in his possession and used. Further, the Debtor produced no records relating to his subcontracting work. Based on the stipulated facts and the Debtor's affidavit and deposition, the Panel concludes that the bankruptcy court properly determined there was no genuine issue of material fact regarding the inadequacy of the Debtor's records.

■ The Debtor's cursory affidavit does not create any issues of fact. Rather, it appears primarily to attempt to justify his inability to produce tax returns. However, § 727(a)(3) is not restricted to a debtor's tax returns, but instead encompasses any records that the debtor can produce to enable the trustee and creditors to obtain a complete and accurate view of the debtor's financial circumstances. *Alten*, 958 F.2d at 1230; *Trogdon*, 111 B.R. at 659 ("The absence of checks, check registers or receipts ... frustrates any attempt to determine Debtor's financial history and transactions."). The Debtor's affidavit does not constitute evidence that any rec-

ords exist in any form that would satisfy the Debtor's obligation under § 727(a)(3).

The bankruptcy court further considered whether the Debtor had carried his burden of proving any justification for his lack of records. The bankruptcy court noted, "The only justification offered by Debtor is the statement in his Affidavit that he did not file income tax returns because his accountant said he did not make 'sufficient money to qualify.'" *Strbac*, slip op. at 7. The bankruptcy court properly determined that the Debtor did not prove that his failure to keep records was justified because he did not "offer[ ] any explanation to justify his failure to keep financial records other than the tax returns." *Id.*

 On appeal, the only justification that the Debtor has offered for his lack of records regarding his subcontract work is that this work was minimal. The case law does establish that "[d]epending on the sophistication of the debtor and the extent of his activities, different record keeping practices are necessary." *Meridian Bank*, 958 F.2d at 1231. Further, "[a]lthough a full accounting of every business transaction is not required, debtor should maintain some written records from which present and past financial condition of debtor may be ascertained with substantial completeness and accuracy." *Phillips v. Nipper (In re Nipper)*, 186 B.R. 284, 289 (Bankr.M.D.Fla.1995).

Nevertheless, even if, as the debtor asserts, his subcontracting work was minimal, he has offered no justification for the total absence of records relating to that work. Nor has he justified his failure to produce the checkbook registers of the two companies that he operated. The bankruptcy code does not impose upon the creditors the obligation to take the Debtor's word that his income was insubstantial. Creditors are entitled to see it for themselves from contemporaneous, accurate and reliable records that the debtor is required to maintain and produce. *Id.*

## V. CONCLUSION

The bankruptcy court correctly determined there was no genuine issue of material fact regarding whether the Debtor failed to maintain adequate financial records pursuant to § 727(a)(3) and that Turoczy Bonding was entitled to judgment as a matter of law. Accordingly, the bankruptcy court's order granting Turoczy Bonding summary judgment on its complaint for denial of discharge is **AFFIRMED.**