# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-3791

_____

| | | |
|---|---|---|
| In re: Thomas Michael Sendecky | * | |
| | * | |
| Debtor, | * | |
| -------------------------------------- | * | |
| Floret, LLC; Michele Lea Eggert, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Appellate Panel |
| | * | for the Eighth Circuit. |
| Thomas Michael Sendecky; | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |
| | * | |
| Thomas J. Sendecky; Gregory M. | * | |
| Hewitt; Hewitt Financial Services; | * | |
| Fredrickson & Byron, PA; Rick L. | * | |
| Petry, | * | |
| Defendants. | * | |

_____

Submitted: June 4, 2003

Filed: June 10, 2003

_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Floret, L.L.C. and Michele Lea Eggert (Creditors) appeal the Bankruptcy Appellate Panel's (BAP's) affirmance of the bankruptcy court's[1] orders granting Thomas M. Sendecky a discharge and denying Creditors' motion for sanctions, in Creditors' adversarial proceeding seeking to deny Sendecky a discharge under 11 U.S.C. § 727(a)(2), (3), (4), and (5).  Creditors also appeal as impermissibly low the BAP's imposition of $100 in sanctions against Sendecky's attorney.

After careful consideration of the record, we discern no error in the bankruptcy court's decision to grant Sendecky a discharge:  the evidence presented at trial was susceptible to differing interpretations, the court's findings were not clearly erroneous, and the court properly applied the governing law.  See In re Vote, 276 F.3d 1024, 1026 (8th Cir. 2002) (standard of review in bankruptcy cases); In re Cent. Ark. Broad. Co., 68 F.3d 213, 215 (8th Cir. 1995) (per curiam) (where there is more than one permissible view of evidence, appellate court may not hold that trier of fact's choice was clearly erroneous).  We reject Creditors' argument that the bankruptcy court should not have ruled on their section 727(a)(5) claim, and we find no clear error in the court's decision.  See In re D'Agnese, 86 F.3d 732, 734 (7th Cir. 1996). We also conclude that the bankruptcy court did not abuse its discretion in declining to impose sanctions on Sendecky and his attorney and that the BAP's imposition of $100 in sanctions against Sendecky's attorney was not an abuse of discretion.

Accordingly, we affirm.  See 8th Cir. R. 47B.  We deny all pending motions for sanctions.

---

[1]The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.