*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  05b0006n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:  ABED AMRO, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| ALLIED BUSINESS BROKERS, INC., | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 04-8043 |
| | ) | |
| ABED AMRO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee
Chapter 7 Case No. 03-30947, Adversary Proceeding No. 03-1189

Submitted:  May 4, 2005

Decided and Filed:  June 22, 2005

Before: AUG, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  John E. Dunlap, THE LAW OFFICE OF JOHN E. DUNLAP, Memphis, Tennessee, for Appellant.  Joseph D. Barton, Millington, Tennessee, for Appellee.

## OPINION

MARY ANN WHIPPLE, Bankruptcy Appellate Panel Judge. Abed Amro appeals a judgment determining that he is not entitled to a discharge of his debts due to his unjustified failure to keep or preserve adequate books and records. For the reasons that follow, we conclude that the judgment on appeal should be **AFFIRMED**.

## I. ISSUE ON APPEAL

The issue presented is whether the bankruptcy court erred in determining that the appellant failed without justification to keep or preserve recorded information from which his financial condition or business transactions might be ascertained.

## II. JURISDICTION AND STANDARD OF REVIEW

A judgment denying a debtor a discharge is "final," *e.g.*, *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 721 (B.A.P. 6th Cir. 1999), so the judgment being challenged may be appealed as of right. 28 U.S.C. § 158(a)(1). The United States District Court for the Western District of Tennessee has authorized appeals to the Bankruptcy Appellate Panel, *see* http://www.tnwb.uscourts.gov/Notices/ BAPnotice.htm, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). Accordingly, the Panel has jurisdiction to decide this appeal.

"A bankruptcy court's determination that a debtor should be denied a discharge is reviewed only for abuse of discretion." *NCNB Tex. Nat'l Bank v. Jones (In re Jones)*, 966 F.2d 169, 172 (5th Cir. 1992); *Cox v. Lansdowne (In re Cox)*, 904 F.2d 1399, 1401 (9th Cir. 1990); *see Dolin v. N. Petrochemical Co. (In re Dolin)*, 799 F.2d 251, 253 (6th Cir. 1986) (bankruptcy court has "broad discretion"; decision "will not be overturned 'except for the most cogent reasons'"); *Hilliard v. Hollins*, 290 F.2d 263, 265 (6th Cir. 1961) (decided under former Bankruptcy Act). "'An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when

it improperly applies the law or uses an erroneous legal standard.'" *Schmidt v. Boggs (In re Boggs)*, 246 B.R. 265, 267 (B.A.P. 6th Cir. 2000) (alteration in original) (quoting *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80-81 (B.A.P. 6th Cir. 1997)). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)). The determinations that a debtor has failed to maintain adequate records and that the failure was not justified constitute findings of fact reviewed under the "clearly erroneous" standard. *Floret, L.L.C. v. Sendecky (In re Sendecky)*, 283 B.R. 760, 764 (B.A.P. 8th Cir. 2002), *aff'd*, No. 02-3791, 2003 WL 21354703 (8th Cir. June 10, 2003).

## III.  FACTS

On June 25, 2003, appellant Abed Amro (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Tennessee. The Debtor's schedules listed assets with a total value of $215,976 and liabilities totaling $301,800. Among the scheduled nonpriority unsecured claims listed was a debt to appellee Allied Business Brokers ("Allied") in the amount of $26,000, and the Debtor's statement of financial affairs indicated that the indebtedness is evidenced by a judgment. On December 5, 2003, Allied filed a Complaint Objecting to the Discharge of Debtor, asserting that the Debtor should be denied a discharge because (1) the Debtor failed to keep or preserve books and records, documents, and papers from which his financial condition or business transactions might be ascertained, and (2) he omitted assets and income from his bankruptcy schedules and statements.

After conducting a trial on March 18, 2004, the bankruptcy court entered judgment for Allied on April 27, 2004. The court's Memorandum Opinion and Order on Complaint Objecting to Discharge was based solely on the ground for denying discharge set forth in 11 U.S.C. § 727(a)(3). The findings of fact include that the Debtor has engaged in numerous business and property transactions

3

and provides business consulting services for the local Yemeni community. The Debtor does not dispute any of those findings:

> The Appellant is an immigrant from the Middle East; either Yemen or the West bank or Jordan which is currently occupied by Israel. He is very proficient in English and is well known and respected in the Arab and Yemenese communities of Memphis. He assists people in the Arab community to purchase businesses, sell businesses and obtain licenses. Because many of his clients speak little or no English, he also serves as a translator. When one of his clients is negotiating the purchase or sale of a business or parcel of real estate the Appellant will inspect the prospective business premises, translate and explain the sales contract and help the client obtain all of the necessary licenses. He considers himself a consultant and does not have ownership interest in any other businesses.

(Brief of Appellant, Abed Amro, at 9-10 (record references omitted).) The bankruptcy court also found that the Debtor deals in cash, and that he has no business records other than some bank records relating to his spouse's accounts into which the Debtor deposited some of his money. The Debtor maintains no records of real property transfers to his spouse or payments of his expenses by his spouse or other family members.

The Debtor timely filed a notice of appeal on May 7, 2004.

## IV. DISCUSSION

Section 727(a)(3) of the Bankruptcy Code provides in relevant part:

> The court shall grant the debtor a discharge, unless . . . the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case . . . .

"The statute is to be construed liberally in favor of the debtor and strictly against the complaining creditor." *Blockman v. Becker (In re Becker)*, 74 B.R. 233, 236 (Bankr. E.D. Tenn.1987). It requires written records, not oral testimony. *E.g.*, *In re Juzwiak*, 89 F.3d 424, 429-30 (7th Cir.

4

1996).  To prevail, the creditor need not show intent to defraud, *e.g.*, *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 969 (7th Cir. 1999); *Juzwiak*, 89 F.3d at 430, or even intent by the debtor to conceal his or her financial condition, *e.g.*, *Lansdowne v. Cox (In re Cox)*, 41 F.3d 1294, 1297 (9th Cir. 1994).  While the burden of persuasion remains on the plaintiff, Fed. R. Bankr. P. 4005, once the plaintiff has established a prima facie case, the burden of going forward with the evidence shifts to the debtor, requiring proof that the failure to maintain and preserve adequate records is justified under the circumstances of the case.  *Turoczy Bonding Co. v. Strbac (In re Strbac)*, 235 B.R. 880, 883 (B.A.P. 6th Cir. 1999); *accord, e.g.*, *Cox*, 41 F.3d at 1296-97; *Cadle Co. v. Stewart (In re Stewart)*, 263 B.R. 608, 615 (B.A.P. 10th Cir. 2001), *aff'd*, No. 01-3229, 2002 WL 1038760 (10th Cir. May 23, 2002); *Wazeter v. Mich. Nat'l Bank (In re Wazeter)*, 209 B.R. 222, 227 (W.D. Mich. 1997); *Vetri v. Meadowbrook Mall Co.*, 174 B.R. 143, 146 (M.D. Fla. 1994); *In re Folger*, 149 B.R. 183, 188 (D. Kan. 1992).

"An objective standard should be applied in determining whether a debtor is justified in failing to preserve financial records, and the court must therefore assess Debtor's conduct with respect to how a reasonable person would have acted under similar circumstances."  *Consumers United Capital Corp. v. Greene (In re Greene)*, 202 B.R. 68, 71-72 (Bankr. D. Md. 1996); *accord, e.g.*, *PNC Bank, Nat'l Ass'n v. Buzzelli (In re Buzzelli)*, 246 B.R. 75, 97 (Bankr. W.D. Pa. 2000); *Miller v. Pulos (In re Pulos)*, 168 B.R. 682, 692 (Bankr. D. Minn. 1994).  The factors that the courts consider in determining if a debtor has shown such a justification include the debtor's intelligence, education, and sophistication, his or her experience in business matters, the volume and complexity of the debtor's business, the extent of the debtor's involvement in the business, the extent of the indebtedness, the extent to which the debtor has relied on others to keep records, and the extent to which such reliance was reasonable and in accordance with nonbankruptcy law. *E.g.*, *Cox*, 41 F.3d at 1297.  "The debtor cannot assert an honest belief that he or she did not need to keep the records. Instead, debtors have a duty to preserve those records that others in like circumstances would ordinarily keep." *Pulos*, 168 B.R. at 692.

The Debtor admits the first element of Allied's prima facie case, i.e., the failure to maintain and preserve adequate records:

The Appellant testified that he is paid in cash and seldom in a lump sum. . . .

He does not keep any records in his consulting business. He keeps no written records of any of the transactions on which he is paid a consultation fee. When questioned about the names and addresses of recent transactions he had participated in, he was unable to recall any of them. He was unable to identify some of the deposits made into his spouse's bank account. However, the Appellant did file joint tax returns and produced them to the Appellee when requested to do so.

(Brief of Appellant, Abed Amro, at 10-22 (record references omitted); *see* Tr. at 38, 52, J.A. at 93, 107.) Moreover, the Debtor does not dispute the bankruptcy court's finding that the failure to keep records makes it impossible to ascertain the Debtor's financial condition and business transactions. Accordingly, the burden of production shifted to the Debtor, requiring him to produce evidence that the failure to keep adequate records is "justified under the circumstances of the case."

The Debtor's primary justification is that "in the Arab-Yemenese community his practices are customary and acceptable. Evidently all of the businesses in his ethnic community keep minimal or no records." (Brief of Appellant, Abed Amro, at 11 (record references omitted).) The Debtor also relies on his faulty memory. (*Id.* at 11-12.) However, he does not contend that he lacks the intelligence or education necessary to maintain records regarding his financial affairs. *See Dolin v. N. Petrochemical Co. (In re Dolin)*, 799 F.2d 251, 253 (6th Cir. 1986) (chemical dependency and compulsive gambling did not interfere with ability to keep records). The practice in the community may suggest that the Debtor's level of sophistication tends to justify the lack of records, but his experience in business matters, the volume of his business, and the extent of his indebtednesses all contradict such an inference. Moreover, the Debtor is in complete control of his business and does not rely on others to keep records.

This case is closely analogous to another § 727(a)(3) case, which the debtors (one of whom had experience as a business consultant) defended on the ground that they were not required to keep business records under the law of their native Colombia. The bankruptcy court rejected that defense:

The Debtors, however, failed to keep adequate records not just in relation to their Colombian business affairs but also in relation to their financial affairs and

6

transactions in Florida.  The [debtors] resided here and did business here, and the fact remains that they are here seeking a discharge under American bankruptcy laws.

*Seidle v. Escobar (In re Escobar)*, 53 B.R. 382, 384 (Bankr. S.D. Fla. 1985).  Here, too, the Debtor resides in Tennessee and does business and conducts his personal financial affairs there, and sought a discharge under the United States Bankruptcy Code.  Accordingly, as in *Escobar*, there is no clear error in the bankruptcy court's finding "that without justification, the Debtor[] failed to keep records from which [his] financial condition might be ascertained."  *Id.*

A reasonable person of the Debtor's intelligence, education, and experience conducting a volume of business as a consultant for others would keep records of his business and personal financial affairs.  Indeed, the Debtor himself acknowledged at trial that he understood the necessity of keeping business records.  Even if the Debtor held an "honest belief that he or she did not need to keep the records" due to the custom and practice in the Arab or Yemeni communities, that would not obviate his "duty to preserve those records that others in like circumstances would ordinarily keep."  *Pulos*, 168 B.R. at 692.  "The purpose of [§ 727(a)(3)] is 'to make the privilege of discharge dependent on a true presentation of the debtor's financial affairs.'"  *Cox v. Lansdowne (In re Cox)*, 904 F.2d 1399, 1401 (9th Cir. 1990) (quoting *In re Underhill*, 82 F.2d 258, 260 (2d Cir. 1936)); *accord*, *e.g.*, *Scott*, 172 F.3d at 969; *United States v. Ellis*, 50 F.3d 419, 424 (7th Cir. 1995).  By dealing only in cash and then failing to keep records of income, payments, and other transfers, the Debtor has deprived creditors and the trustee of the opportunity to ascertain the Debtor's financial condition and business transactions.  The bankruptcy court applied the proper legal standards, its findings of fact are supported by the record and are not clearly erroneous, and the court did not abuse its discretion in denying the Debtor's discharge.

## V.  CONCLUSION

For the foregoing reasons, the bankruptcy court's judgment denying the Debtor a discharge is hereby **AFFIRMED**.

7