NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted April 16, 2008[*]
Decided April 17, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-3799

| | |
|---|---|
| In the Matter of:<br>BARBARA J. ROTHERMEL,<br>    *Debtor-Appellee.* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| | 07  C  2160 |
| Appeal of:<br>KENNETH L. WRONKE. | Michael P. McCuskey,<br>*Chief Judge*. |

**O R D E R**

Barbara Rothermel petitioned for a discharge of her debts under Chapter 7 of the Bankruptcy Code. One of her creditors, Kenneth Wronke, objected that Rothermel had lied in her bankruptcy schedules and thus was not entitled to a discharge. The bankruptcy court

---

[*]The appellee did not file a response brief within the time required under FED. R. APP. P. 31(a). We ordered her to show cause why this appeal should not be submitted without the filing of her brief and without oral argument, but she did not respond. Thus, the appeal is submitted on the appellant's brief and the record. See FED. R. APP. P. 34(a)(2); CIR. R. 31(d).

found in favor of Rothermel. Wronke appealed to the district court, which affirmed, as do we.

Wronke obtained a judgment against Rothermel in state court in Illinois. Before he could collect, however, Rothermel filed for bankruptcy. She listed Wronke as a creditor, but he filed a complaint in the bankruptcy court accusing her of hiding income and objecting to a discharge. Wronke alleged that Rothermel, who works as a housekeeper, received bonuses for "animal care, child sitting, house sitting, and other odd jobs" but omitted this additional income from her bankruptcy schedules. And if she had undisclosed income, Wronke surmised, she must also possess "hidden assets."

The only evidence presented at the 15-minute trial in the bankruptcy court was Rothermel's testimony. She denied falsifying her bankruptcy schedules. She explained that she is a salaried employee but conceded that occasionally she receives small bonuses that are not reflected on her W-2. The last time was in 2004 when she received "a couple of hundred dollars" for performing extra house-sitting duties. Rothermel said she considered this payment a gift.

The bankruptcy court credited Rothermel's testimony. The court interpreted Wronke's complaint as raising objections under 11 U.S.C. § 727(a)(2), (3), (4), and (5) but concluded that Wronke had failed to meet his burden of proving that Rothermel was not entitled to a discharge. The court first observed that Wronke lacked evidence that Rothermel had concealed property with the intent to hinder, delay, or defraud her creditors. See 11 U.S.C. § 727(a)(2). The court then concluded that Rothermel had disclosed enough information for her creditors to ascertain her financial situation. See *id*. § 727(a)(3). The bankruptcy judge further concluded that Wronke had not proved that Rothermel knowingly made a material false statement under oath. See *id*. § 727(a)(4). Finally, the court held that Wronke had not proved his allegation that Rothermel received additional income over many years and thus determined that there was no unusual loss or deficiency in her listed assets. See *id*. § 727(a)(5).

We review a bankruptcy court's legal conclusions, including its interpretation of the Bankruptcy Code, de novo, and we review its findings of fact for clear error. See *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002). We defer to the bankruptcy court's credibility findings because, as the trier of fact, it is in the best position to observe witnesses to determine whether they are telling the truth. See *In re Krehl*, 86 F.3d 737, 743-44 (7th Cir. 1996); *In re D'Agnese*, 86 F.3d 732, 734 (7th Cir. 1996).

The primary benefit of Chapter 7 is the discharge that allows the debtor a "fresh start." *In re Chambers*, 348 F.3d 650, 653 (7th Cir. 2003). But this privilege is reserved for the

"honest but unfortunate debtor." *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991) (internal quotation marks and citation omitted); see *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 966 (7th Cir. 1999). Thus, the Bankruptcy Code provides that a bankruptcy court "*shall* grant the debtor a discharge," and then lists several exceptions that deny the privilege of discharge to dishonest debtors. 11 U.S.C. § 727(a) (emphasis added). And although courts construe objections to discharge strictly against creditors and liberally in favor of debtors, a debtor can be denied a discharge if a creditor proves by a preponderance of the evidence that, as relevant here, the debtor concealed property or lied under oath with the intent to defraud creditors, that the debtor's records were insufficient to allow creditors to ascertain her financial condition, or that the debtor was unable to explain a loss of assets. See 11 U.S.C. § 727(a)(2)-(a)(5); *Grogan*, 498 U.S. at 291.

As the bankruptcy court noted, Wronke's complaint does not say which of the § 727(a) exceptions precludes the discharge of Rothermel's debts. His brief on appeal is equally silent as to the statutory basis of his objections; instead he merely recites a list of accusations of dishonesty against Rothermel. But we construe his argument as invoking the same exceptions identified by the bankruptcy and district courts, and we conclude that the bankruptcy court did not err in determining that Wronke failed to meet his burden to prove that Rothermel was a dishonest debtor.

Wronke offers us no reason to doubt the bankruptcy court's finding that Rothermel was a credible witness. When Rothermel filed her petition in December 2006, she was required to disclose her income for the two previous calendar years. 11 U.S.C. § 521(a)(1)(B); FED. R. BANKR. P. 1007(b)(1). Her testimony shows that she did neglect to disclose "a couple of hundred dollars" she received in 2004. But even if we assume that Rothermel should have reported this small sum as additional income, the bankruptcy court did not err in finding the omission insufficient to prove that she was a dishonest debtor. To prove that § 727(a)(2) or (4) forecloses discharge, a creditor must establish, among other things, that the debtor intended to deceive her creditors. See *In re Kontrick*, 295 F.3d 724, 736 (7th Cir. 2002); *In re Chavin*, 150 F.3d 726, 72 (7th Cir. 1998). But Wronke presented no evidence that in failing to mention the 2004 payment Rothermel intended to mislead her creditors. As to the other arguably relevant exceptions to discharge, there was no proof that Rothermel's oversight hindered her creditors' ability to understand her financial situation. See 11 U.S.C. § 727(a)(3); *In re Scott*, 172 F.3d at 969-70 (noting that generally consumer bankruptcies in which the debtor has no assets or business affairs do not implicate § 727(a)(3)). Nor did the omission show that Rothermel's assets were inexplicably depleted. See 11 U.S.C. § 727(a)(5); *In re D'Agnese*, 86 F.3d at 734-35.

AFFIRMED.